IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT
ASSOCIATION,

        Plaintiff,

   v.

KENNY MCDANIEL, Burns
District Manager, BLM,
et al.,

        Defendants.

Civ No. 06-242-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff moves for an award of attorneys fees pursuant to the Equal Access to Justice Act (EAJA) after prevailing on one of their claims brought against federal defendants. See 28 U.S.C. § 2412. Defendants oppose the motion and argue that the fees sought are not supported by the relief obtained by plaintiff. Plaintiff's motion is granted in part, in that the requested fees are reduced to reflect plaintiff's limited success in this action.

1 - OPINION AND ORDER

BACKGROUND

On February 21, 2006, plaintiff filed suit alleging that the adoption of the Andrews-Steens Resource Management Plan (RMP) by the Bureau of Land Management (BLM) violated the National Environmental Policy Act (NEPA), the Federal Land Policy and Management Act (FLPMA), the Public Rangelands Improvement Act, the Taylor Grazing Act, and the Steens Mountain Cooperative Management and Protection Act (Steens Act). Plaintiff sought an order declaring that defendants violated these acts and requiring them to: 1) prepare a supplemental Environmental Impact Statement (EIS) for the RMP; 2) conduct a systematic inventory of wilderness resources and analyze such information in the supplemental EIS; 3) assess the suitability and availability of livestock grazing within the RMP area pursuant to FLPMA requirements; and 4) complete a comprehensive transportation plan as required by the Steens Act that analyzes and considers plaintiff's proposed wilderness inventory recommendations. Plaintiff also requested that defendants be ordered to suspend grazing, off-road vehicle use, and any site-specific projects within the RMP area that could impact wilderness resource values until defendants completed the above actions. See Complaint, pp. 18-20.

In an Opinion and Order dated June 8, 2007, I granted plaintiff's motion for summary judgment on its Steens Act claim (Claim Six) and granted defendants' motion for summary judgment on

all remaining claims (Claims One through Five, Seven and Eight). With respect to Claim Six, I found that the Transportation Plan (TP) adopted as part of the RMP did not comply with the Steens Act requirement of a "comprehensive transportation plan" that addresses "the maintenance, improvement, and closure of roads and trails as well as travel access" within certain RMP lands. Opinion and Order, p. (June 8, 2007); see also 16 U.S.C. § 460nnn-22(a).

As relief, plaintiff requested that the court vacate the TP and order defendants to prepare a new transportation plan by a date certain. Such relief likely would have led to vacatur of a more detailed Transportation Management Plan (TMP) that defendants had completed during the pendency of this case, as defendants had utilized the TP in preparing the TMP. I declined to vacate the TP. Instead, I ordered that defendants complete a new transportation plan that complied with the Steens Act, though I did not preclude defendants from relying on the TP when preparing a new transportation plan. Plaintiff subsequently sought reconsideration of the court's order granting defendants' summary judgment on certain claims. The court denied those motions.

Plaintiff appealed the portion of the court's ruling granting summary judgment in defendants' favor, and the parties engaged in mediation. In the meantime, plaintiff filed another suit challenging the approval of the TMP by the Department of Interior Board of Land Appeals. Ultimately, the Ninth Circuit affirmed this

3 - OPINION AND ORDER

court's ruling in a memorandum opinion dated December 10, 2010.

## DISCUSSION

Plaintiff now moves for an award of costs and attorney fees in the amount of $127,028.81 under the EAJA as the prevailing party on Claim Six, minus $2,846.25 it concedes in reply to defendants' objections, plus $8,705.70 for fees incurred in preparing its reply brief. In actions brought by or against a federal agency, the EAJA provides for an award of attorney fees and expenses to the prevailing party, other than the United States, unless the court finds that the position of the agency "was substantially justified or that special circumstances make an award unjust." See 28 U.S.C. § 2412(d)(1)(A). I find that defendants' position was not substantially justified with respect to Claim Six, and defendants do not dispute that plaintiff is the prevailing party on that claim.

However, defendants argue that the amount of fees sought by plaintiffs is disproportionate to the success and relief obtained with respect to Claim Six. Defendants maintain that Claim Six was distinct and separate from plaintiff's other unsuccessful claims, and therefore the fee award should reflect only those fees that were incurred with respect to Claim Six. Even if the court finds Claim Six interrelated with plaintiff's other clams, defendants contend that the fees should be apportioned in accordance with the limited success obtained by plaintiff. Defendants also object to

fees associated with unsuccessful motions, administrative proceedings, clerical tasks, an expert declaration filed in support of its fee petition, and fees that constitute "block billing." Defendants identify the fees they consider related to Claim Six (highlighted in green), fees they consider partially related to Claim Six (yellow), and fees they consider unrelated to Claim Six or otherwise unreasonable (red). See Defs.'s Response (doc. 293), Exs. 1-4.

I consider plaintiff's request for fees pursuant to the analysis outlined in Hensley v. Eckerhart, 461 U.S. 424 (1983). I first consider whether "plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which [it] succeeded." Id. at 434. "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed. Hours expended on unrelated, unsuccessful claims should not be included in an award of fees." Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001) (quoting Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir. 1995)); see also Hensley, 461 U.S. at 435. However, "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Hensley, 461 U.S. at 440.

I agree that of all plaintiff's claims, Claim Six was somewhat separate from the others, as evidenced by plaintiff's separate

Motion for Summary Judgment. See doc. 19. However, Claim Six was part of plaintiff's broader attack on the RMP and related to the wilderness issues raised by plaintiff in this court. Further, I recognize that success on any of plaintiff's claims furthered its larger goal of protecting wilderness areas within the RMP and requiring defendants to take a hard look at impacts to wilderness. Accordingly, I do not adopt defendants' reasoning that only fees incurred in connection with Claim Six are compensable. See Nat. Resources Def. Council, Inc. v. Winter, 543 F.3d 1152, 1163 (9th Cir. 2008).

Next, I consider whether "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award," focusing on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 434-35. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees" under the EAJA. Id. at 440; Sorenson, 239 F.3d at 1147. Thus, "'[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.'" Sorenson, 239 F.3d at 1145 (quoting Hensley, 461 U.S. at 435). "If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be

6 - OPINION AND ORDER

true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Hensley, 461 U.S. at 436. "Again, the most critical factor is the degree of success obtained." Id.

Considering the "degree of success" as the most relevant and "critical" factor, I cannot find that plaintiff is entitled to the full amount of fees sought. Plaintiff prevailed on only one of eight claims and obtained modest relief when compared with the relief sought in its complaint. Hensley, 461 U.S. at 440 ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."). The court did not vacate the RMP or even the TP, and it did not enjoin the defendants from relying on the TP when completing their TMP. Given the scope of the relief sought by plaintiff, the court's ruling that the TP did not comply with the Steens Act and subsequent order to prepare a more comprehensive transportation plan - without vacatur or further injunctive relief - was not such an "excellent result" to support an award of fees totaling over $127,000. Rather, I find that the fees should be apportioned to reflect plaintiff's limited success.

I award in full the fees associated with Claim Six highlighted in green by defendants, totaling $30,726.50. With certain exceptions, I award one-half of the fees associated with all claims, identified in yellow and red by defendants, to account for

7 - OPINION AND ORDER

the interrelatedness between Claim Six and plaintiff's wilderness claims. However, I decline to award fees incurred during the administrative process and on appeal. Even though similar issues were raised, the administrative proceedings occurred pre-litigation and "did not involve 'the requisite degree of direct interaction between a federal court and an administrative agency to justify an award of fees' under EAJA." Nadarajah v. Holder, 569 F.3d 906, 920 (9th Cir. 2009) (quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 887 (8th Cir. 1995)). Likewise, while counsel's appeal and mediation efforts are notable, given the relief obtained in this case and the disposition on appeal, I cannot find that such fees were "'incurred for services that contribute[d] to the ultimate victory in the lawsuit.'" Winter, 543 F.3d at 1164 (quoting Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 884 (9th Cir. 2005)).

I also decline to award fees for clerical tasks and certain travel, and I reduce fees or expenses that appear "excessive, redundant or otherwise unnecessary" in light of the tasks performed. Hensley, 461 U.S. at 434. In particular, as plaintiff recognizes, charging experienced attorney rates for mailing documents and the like is not reasonable, nor is seeking fees for the withdrawal of counsel. Further, I decline to award fees where the billing lacks a description adequate to assess the reasonableness of the fees. Finally, I decline to award fees

8 - OPINION AND ORDER

incurred in the preparation of Martlett's expert declaration, finding the declaration neither necessary nor helpful.[1] With the deductions specified above, the fees identified in yellow and red total $72,072.00, with one-half that amount totaling $36,036.00. Finally, I award $4,000 for the preparation of plaintiff's reply.

## CONCLUSION

Plaintiffs' Motion for Attorneys Fees and Costs (doc. 278) is GRANTED in part. Plaintiff is awarded a total of $70,762.50 in attorney fees, costs, and other expenses.

IT IS SO ORDERED.

Dated this 30th day of September, 2011.

_____
Ann Aiken
United States District Judge

---

[1] I find the following entries for attorney Lacy excessive and/or redundant in light of the task performed, or otherwise unreasonable: 08/17/2005 for $294 (reduced to $150); 02/21/06 for $437; 02/22/06 for $115 and $126.50 (reduced to $125); 04/12/06 for $230 and $46; 08/30/06 - 09/06/06 (oral argument preparation; reduced to $1,700); 09/06/06 for $46 and $437; 09/07/06 for $69; 09/07/06 for $460; 09/19/06 for $736 (reduced to $400); 04/05/07 - 04/08/07 (oral argument preparation; reduced to $1000); 04/09/07 for $425; 04/10/07 for $25 and $425; 01/17/08 for $81.75.

I find the following entries for attorney Becker excessive and/or redundant in light of the task performed, or otherwise unreasonable or undefined: 01/17/08 for $26 and $26; 07/17/08 for $52; 10/23/08 for $52; 10/27/08 for $52.

9 - OPINION AND ORDER